## CIRCUIT COURT OF FAIRFAX COUNTY

Government Employees Ins. Co.

v.

State Farm Mutual Auto. Ins. Co.

### Case No. (Law) 182496

BY JUDGE JONATHAN C. THACHER

January 21, 2000

This matter came before the Court on trial on December 22, 1999, and was taken under advisement to decide two issues. The first issue is whether or not the child of the named insured had the authority to give a third party consent to operate the vehicle, and, if that consent was given, was it effectively revoked in this case prior to the collision. Based on applicable Virginia case law, the Court finds that there was general permission given to the child by the named insured to use the car and the child gave permissive use to her friend to drive the car. The Court further finds that the revoked consent was a factual issue and was ineffective to revoke permissive use of the vehicle.

In some situations, the custodian is, by statute, authorized to give permission. Va. Code § 38.2-2204. A custodian "with whom the named insured has left a vehicle for general use may permit its use by another, who will be deemed to have the permission of the named insured." *Farm Bureau Ins. v. APCO*, 228 Va. 72, 77, 321 S.E.2d 84, 87 (1984). In *Farm Bureau*, the vehicle was covered by a liability policy issued by Farm Bureau and covered any person who used the vehicle "with the permission of the named insured." The *Farm Bureau* Court explicitly approved the applicable rule of law it implicitly set out in *Robinson v. Fidelity & Cas. Co. of N.Y.*, 190 Va. 368, 57 S.E.2d 93 (1950). That rule says that one with whom the named insured has left a vehicle for general use may permit its use by another, who will be deemed to have the permission of the named insured. Whether there is

permission to use a car is generally a question of fact. *Farm Bureau* at 78. In this case, the Court heard testimony that the named insured purchased the vehicle for the use of the children. Mrs. Plattos, the named insured, testified that she had restricted the use of the vehicle to her children only. She testified that Amy Hobie, the driver of the vehicle when the accident occurred, knew of these restrictions. Amy Hobie disputed this testimony and stated that she thought the automobile was owned by Danielle, the daughter of the named insured, and that she had never been told of the restrictions. Therefore, the Court finds this is a factual issue, that Danielle had general use of the vehicle and was a custodian of that vehicle and that she gave her friend Amy Hobie permissive use to drive the vehicle.

The second issue before the Court revolves around effective revocation of consent. The testimony indicates that Danielle did tell her friend that she wanted her to pull over, that Amy was driving too fast, and that Danielle wanted to drive. Shortly afterward, the accident occurred; one witness testified that the accident occurred with thirty seconds of the conversation to pull over. The Court finds that this was an ineffective revocation of consent because it was not feasible to effectuate prior to the accident.

The Court finds that Amy Hobie was a permissive user of the Plattos vehicle at the time of the accident in question, that she is covered by State Farm's policy for liability arising out of said accident, and that State Farm's policy is primary.

May 3, 2000

This matter came before the Court on March 17, 2000, on Defendant State Farm's Motion to Reconsider this Court's ruling set forth in an opinion letter dated January 21, 2000. After careful consideration of Counsel for State Farm's argument, the Motion to Reconsider is denied.

The Court agrees with Counsel that there is no evidence that Kendra Plattos ever gave Amy Hobie express permission to drive the Plattos vehicle. The Court does not agree, however, as to the issue of implied permission. In *State Farm v. GEICO*, 241 Va. 326, 402 S.E.2d 21 (1991), the Virginia Supreme Court considered a case with similar facts in which the daughter of the named insured was expressly forbidden to allow any friends to drive the family vehicle. On this particular occasion, the daughter fell ill, pulled off to the side of the road, and requested her friend to drive. The Court extended coverage under the omnibus insurance clause beyond the first permittee under an emergency exception.

If a driver becomes incapacitated for some reason, concerns over whether a subsequent driver would be covered by insurance should not be a factor in the decision to place a qualified, able driver behind the wheel . . . the driver's evaluation of his or her own ability to drive, while not demonstrative, is probative of the need for a replacement driver. *The remedial purpose of the omnibus clause is served by fostering drivers' decisions to insure the safe operation of vehicles on the roadways.* We have repeatedly held that the omnibus clause is remedial and must be liberally interpreted to subserve the clear public policy reflected in it, which is to broaden the coverage of automobile liability policies. In defining implied permission . . . this Court has been liberal in its interpretation and application and has gone far in holding insurance carriers liable.

241 Va. at 330, 331 (italics added).

The Court recognized the public policy issue of the automobile insurance statutes, that they are "designed to provide protection for members of the public who may suffer personal injuries or property damage and adopting an emergency circumstances exception furthers that statutory goal." *Id.* at 327.

State Farm's counsel is correct that counsel for the Hobies did not argue for coverage under the State Farm policy and, instead, attempted to establish coverage under the GEICO policy. However, the evidence supporting the emergency circumstance exception is in the record. There is uncontradicted evidence that Amy Hobie was the only person in the vehicle who had not smoked marijuana and that, at one point, Danielle Plattos requested Amy drive the vehicle. Therefore, the Court finds that this qualifies Amy Hobie's operation of the Plattos vehicle for the emergency circumstance exception. Certainly this is the type of situation the legislators considered when drafting the omnibus clause. If a driver who falls ill is under an emergency, this Court finds that a driver who has smoked marijuana is similarly incapacitated and could reasonably decide that another individual should drive the vehicle.

Having decided that implied consent was given under the emergency exception, the Court reaffirms its finding that there was an ineffective revocation of consent by Danielle Plattos. The testimony indicates that Danielle did tell her friend that she wanted her to pull over, that Amy was driving too fast, and that Danielle wanted to drive. Shortly afterward, the accident occurred; one witness testified that the accident occurred with thirty seconds of the conversation to pull over. The Court finds that this was an ineffective revocation of consent because it was not feasible to effectuate prior to the accident.

The Court finds that Amy Hobie is covered by State Farm's policy for liability arising out of said accident and that State Farm's policy is primary.